## Johannes Van Donge and another v. Dennis Van Donge.

*What not an unconscionable bargain.* A family arrangement whereby a son, in exchange for a less valuable farm and some personal property of his own, was to obtain a conveyance from his parents of their own homestead and personal property, and to support and take care of them for life, and pay them a third of the farm products and of the proceeds of the personalty, is not so unreasonable as to indicate fraud or undue influence.

*Relief granted against a scrivener's mistake.* Where such an agreement was deliberately adopted, and a conveyance made in pursuance of it, but the conveyancer, through ignorance, did not provide any proper security for the parents, the court declined to rescind the bargain, but gave relief as for a mistake, and decreed the execution of such securities as would insure the performance of all the conditions which the parents were entitled to have carried out.

*Subsequent dissensions arising out of new facts, not considered.* Subsequent dissensions between the parties, arising out of new facts, cannot be considered in determining the fairness of the original bargain, and cannot affect its validity.

*Heard July 10. Decided July 12.*

Appeal in Chancery from Kent Circuit.

The nature of the case and the facts ' are sufficiently stated in the opinion.

*Hoyt & Gray,* for complainants.

*John T. Holmes* and *G. Chase Godwin,* for defendant.

CAMPBELL, CH. J.

The bill in this case is filed to set aside certain arrangements made between complainants, who are quite old, and their son, the defendant, whereby they conveyed to him their farm and personal property, and he made over to them the proceeds of a small farm of his own, and gave them a lease of the farm they had granted to him, in the usual form of a common lease, requiring the payment of two-thirds of the products of the land, and subject to forfeiture for any breach of the conditions. The grounds relied on are chiefly the unconscionable character of the transaction.

28 MICH.—41.

The papers, if deliberately procured to be put in their present shape, would be unconscionable. But we are satisfied that their condition was the result of a mistake of the scrivener, Mr. Quintus, who did not understand how to carry out the real design of the parties.

There seems to be no doubt that the old people, desiring to have the services of their son in caring for the remainder of their lives, agreed with him to convey to him the farm and property on it, while he was to make over to his father his own farm and some personalty, and was to give his parents a home for life with him on the homestead, give them his personal care, and pay them one-third of the products of the farm, and of the proceeds of the property turned over to him, as such property might be disposed of. The subsequent dealings throw much light on the original transaction, as for about one year afterwards there was no controversy as to the facts.

This was not an unnatural or unreasonable arrangement, and if it had been secured by proper papers, and if there had been such mutual harmony and forbearance as the relations between the parties ought to have insured, there would have been no cause of complaint. The difficulty, evidently, did not arise out of any thing but domestic dissensions and jealousies. The conduct of the defendant has not been as forbearing and dutiful as it should have been, but we have not discovered any proofs of dishonesty; and it is not to be denied that the conduct of the parents has not been free from giving cause of irritation.

We feel compelled to treat the case as one of mistake, and not of actual or constructive fraud; and to give such directions as will carry out, as near as may be, the purposes determined upon, but not secured originally.

To accomplish this, the lease must be canceled, and defendant must give security on the land conveyed to him

by his parents, and, if possible, obtain his wife's concurrence in it; and, until such security is given by both, it must be decreed that the land shall stand as security for the following conditions: *First*, that the taxes, and all other lawful charges whereby the land can be lawfully affected, shall be kept down; *second*, that during the life of the complainants and the survivor, the land shall be well cultivated and the buildings and improvements kept in such order as good husbandry requires, and that one-third of the gross products of the farm and of the personal property conveyed with it, shall be delivered in kind, or accounted for if not taken in kind, to the father during his life and to the mother for her life if she should survive him; *third*, that the complainants and the survivor of them shall have comfortable apartments in the dwelling thereon, and such personal attendance and kind treatment as their wants and infirmities may require during life, and the use, at reasonable times, of any conveyance belonging on the premises, and reasonable storage for their property while undisposed of.

The case must be remitted to the court below, to have a decree entered in corformity with these directions, and to have the arrangements settled and carried into effect under the direction of the circuit court. Complainants are to recover costs in both courts.

The other Justices concurred.